IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MORENO V. WALMART INC.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOANN MORENO, APPELLANT,

V.

WALMART INC., APPELLEE.

Filed November 16, 2021.    No. A-21-188.

Appeal from the District Court for Lincoln County: MICHAEL E. PICCOLO, Judge. Affirmed.

Elaine A. Waggoner, of Waggoner Law Office, for appellant.

Dwyer Arce, of Kutak Rock, L.L.P., and Philip M. Kelly, of Douglas Kelly Law Firm, for appellee.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Joann Moreno filed an action against Walmart Inc., in the district court for Lincoln County, as a result of her slipping on a puddle of clear liquid and falling inside of a Walmart store in North Platte, Nebraska. The district court sustained Walmart's motion for summary judgment, and Joann appeals. Upon our review of the record, we conclude that there is no genuine issue of material fact as to whether Walmart created or had constructive knowledge of the wet floor on the premises. As such, we affirm the district court's granting of summary judgment in favor of Walmart.

BACKGROUND

On June 9, 2016, at approximately 10:15 in the morning, Joann slipped and fell on the floor of Walmart, near a display of floral arrangements for sale. After Joann's fall, a puddle of clear liquid was located nearby.

Joann subsequently filed a complaint against Walmart, alleging that she sustained personal injuries as a result of the fall. She asserted that Walmart's negligence was the sole and proximate cause of her injuries, in that Walmart failed to maintain a safe environment for its customers by allowing liquid to pool on the floor in an area where customers passed through. Joann further asserted that Walmart was aware of the dangerous condition on the floor and failed to properly warn her. Joann sought a judgment against Walmart for special damages, general damages, and costs.

Walmart moved for summary judgment. At the hearing on the summary judgment motion, Walmart argued that there was no evidence to establish that Walmart either created the condition of the wet floor or knew, or should have known, of that condition prior to Joann's fall. The evidence Walmart submitted in support of its motion included Joann's deposition testimony; photographs of the area where Joann fell in the store; video surveillance footage of Joann's fall; and affidavits from three employees of Walmart's North Platte store. In opposition to the motion for summary judgment, Joann offered, among other evidence, her own affidavit and the affidavit of her son, who drove her to Walmart on the day of her fall.

In her deposition, Joann testified that on the day of the fall, she went to Walmart in order to purchase her son's medication. As she was walking past the floral display, Joann slipped and fell. She testified that prior to falling, she did not notice anything on the floor. However, after the fall she observed "plenty" of "clear water" on the floor of the store, which she believes caused her to slip and fall. She did not see any trail of water or wet footprints which had originated from the puddle. Moreover, she indicated that she did not know how long the liquid had been on the floor prior to her fall. She also did not know whether Walmart was aware of the liquid on the floor prior to her fall. And, while Joann "assume[d]" that the water was dripped on the floor by whichever Walmart employee had restocked the floral display with flowers, she admitted that she did not see anyone restock the display, nor did she know exactly how the water came to be on the floor.

Joann testified that as a result of the slip and fall at Walmart, she injured her lower back and her side. She further testified that prior to falling at the Walmart in June 2016, she had slipped and fallen as a result of water being on the floor on three previous occasions at three different establishments, including two grocery stores and a hospital. Joann injured her lower back as a result of each of these prior falls.

Photographs of the floral display near where Joann fell which were admitted into evidence by Walmart reveal a large black mat placed directly in front of the display, presumably to catch any water which may drip from floral arrangements when removed from the display. The surveillance video depicting Joann's June 2016 slip and fall demonstrates that in the hour prior to the fall, no employee of Walmart restocked the floral display. However, during that hour, at least four customers removed flowers from the display for purchase, including one customer who removed flowers from the display approximately 3 minutes prior to Joann's fall. That customer took flowers from the display and walked off of the black mat in order to place the flowers in a shopping cart. In the 3 minutes between this customer removing the flowers and Joann's fall, other customers walked past the floral display. In fact, two children can be seen running in the vicinity where Joann is about to fall. No one appears to notice any water on the floor and no one else slips. The video does show two Walmart employees in the area of the floral display in the minutes preceding Joann's fall.

After Joann's fall, the video depicts multiple Walmart employees coming to her assistance. One of these employees retrieves some paper towels and appears to mop up some liquid on the floor near Joann.

Three Walmart employees from the North Platte store provided an affidavit regarding the circumstances related to Joann's fall. Denise Young, an assistant manager, indicated in her affidavit that she was working at the time of Joann's fall and assisted her. Young provided information regarding how the floral display is restocked. First, she explained that a mat is placed in front of the floral display in order to catch any water spills. However, she also explained that the flowers in the display arrive at the store in self-contained buckets of water. When restocking the flowers, a Walmart employee simply replaces the buckets filled with flowers. The employees do not add any water to the buckets. Young indicated that the liquid near Joann's fall was clear and there were no cart marks or footprints trailing through it. She believed that the absence of these marks is indicative that the liquid had not been on the floor for very long. And, although Walmart employees are trained to watch for and guard spills, no employee reported seeing the liquid on the floor prior to Joann's fall.

Rhonda Musolf, a department manager at the North Platte Walmart store also responded to Joann's fall on June 9, 2016. In her affidavit, Musolf stated that she observed "a small clear puddle of water about the size of a saucer" nearby to Joann. She did not see any cart marks or footprints going through the water. As such, she believed that the water was only on the floor for a short period of time prior to Joann's fall. Musolf indicated that, to her knowledge, no customer reported observing a wet floor near the floral display prior to Joann's fall.

Daniel Steele, the manager of the North Platte Walmart store, provided further information regarding the training of Walmart employees. He indicated in his affidavit that all employees are trained to look for spills and to "guard" or mark any spills that are awaiting clean-up. He further indicated that employees routinely conduct "safety sweeps" to assess any dangerous conditions, including, spills. Steele indicated that no customers reported any water spill by the flower display on June 9, 2016, prior to Joann's fall.

In her affidavit, offered in opposition to the motion for summary judgment, Joann explained that on the day of her fall, she and her son drove to Walmart to pick up her son's medication. Upon arriving at the store, Joann went in alone while her son waited in the car. Prior to her slipping in front of the floral display, she did not observe there to be any signs cautioning that the floor was wet. Joann alleged that she laid on the floor "for a considerable period of time" before being assisted by any Walmart employee. She averred that although she asked Walmart employees to call an ambulance for her, that they refused to do so. Instead, her son transported her to seek out medical care.

Joann's son's affidavit provides that when he came into the store to check on Joann after her fall, he observed a puddle of water near Joann. He described the puddle as "about the size of the inner rim of a toilet seat if you were looking directly down at it." He also described observing a second puddle about half the size of the first puddle, with a few drops of water leading away from it. As he was helping Joann off of the floor, he observed her shoe and the bottom of her pant leg to be wet.

The district court entered an order granting summary judgment in favor of Walmart. The court determined that there was no evidence that Walmart created the condition of the wet floor or that its employees knew or should have known of the condition:

> Joann has produced no evidence to establish that Walmart created the dangerous condition. Furthermore, Joann has produced no evidence or has provided a reasonable inference that Walmart or its associates knew or should have known of the water on the floor prior to her fall. In fact, other than through speculation, Joann does not know how the water may have been spilled or for how long that condition may have existed prior to her fall. Without that evidence or even the existence of plausible inferences not supported by guess or speculation this Court nor a fact-finder can determine that the condition persisted for a sufficient length of time prior to the incident to permit Walmart associates to discover and remedy it as would be required for constructive notice.

Joann timely appeals from the district court's order granting summary judgment in favor of Walmart.

ASSIGNMENTS OF ERROR

Joann assigns, consolidated and restated, that the district court erred in granting Walmart's motion for summary judgment after concluding that there was no issue of material fact as to whether Walmart created or had constructive knowledge of the wet floor on the premises.

STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Phillips v. Liberty Mut. Ins. Co.*, 293 Neb. 123, 876 N.W.2d 361 (2016).

ANALYSIS

In premises liability cases, an owner or occupier is subject to liability for injury to a lawful visitor resulting from a condition on the owner or occupier's premises if the lawful visitor proves (1) that the owner or occupier either created the condition, knew of the condition, or by exercise of reasonable care would have discovered the condition; (2) that the owner or occupier should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) that the owner or occupier should have expected that the visitor either would not discover or realize the danger or would fail to protect himself or herself against the danger; (4) that the owner or occupier failed to use reasonable care to protect the visitor against the danger; and (5) that the condition was a proximate cause of damage to the visitor. *Edwards v. Hy-Vee, supra*. We address Joann's claims that there was a genuine issue of material fact as to whether Walmart created the wet floor or had constructive knowledge of the condition of the floor prior to her slip and fall.

*Creation of Hazardous Condition.*

In its order granting Walmart's motion for summary judgment, the district court found that there was no evidence that Walmart had created the condition which caused Joann to slip and fall. Specifically, the court concluded, "[T]here is no evidence to support Joann's position that Walmart or its associates participated in or contributed to the spill of [liquid] in the flower display area."

In her brief on appeal, Joann contests the district court's finding that there was no evidence that Walmart or its employees created the condition by spilling liquid on the floor. She asserts that there was evidence presented which demonstrated that Walmart was aware of the potential for water to pool in front of the floral display. In support of this claim, Joann points to Walmart's use of a mat in front of the flower display as well as the availability of plastic bags for customers to use for the flowers. Joann appears to contend that because Walmart clearly foresaw the potential that a customer may drip water on the floor when removing flowers from the floral display, that Walmart can be found to have created the condition.

The Nebraska Supreme Court has previously rejected an argument similar to Joann's. In *Edwards v. Hy-Vee, supra*, a store employee was handing out watermelon samples to customers. One customer later slipped on a piece of dropped watermelon, which was located approximately 6 feet away from the sample stand. In her suit against the store, the customer argued that the store was not relieved of liability merely because the watermelon was likely dropped by a customer and not an employee of the store. She argued that because it was reasonably foreseeable that a customer would drop the watermelon, that the store should be held to have created the dangerous condition. The Supreme Court rejected this argument, explaining, "But to say that [the store] created the condition through the actions of a third party would expand the definition of 'created' well beyond its plain and ordinary meaning." *Id*. at 242, 883 N.W.2d at 44. We find similarly here. Walmart is not liable for the intervening acts of its customers when there is no evidence that any Walmart employee directly contributed to the spill on the floor.

Because there is no evidence from which a fact finder could reasonably infer that Walmart created the condition through the participation of its employees, the district court did not err in finding as a matter of law that Walmart did not create the condition of water on the floor.

*Constructive Knowledge of Condition.*

Joann next argues that the district court erred in finding as a matter of law that Walmart did not have constructive knowledge of the spilled water. Constructive knowledge is generally defined as knowledge that one using reasonable care or diligence should have. *Gaytan v. Wal-Mart*, 289 Neb. 49, 853 N.W.2d 181 (2014). Joann asserts that a genuine issue of material fact exists as to whether Walmart employees reasonably should have known that there was liquid on the floor near the floral display. Specifically, Joann points to the presence of two Walmart employees in the vicinity of the floral display in the minutes preceding her fall and to Walmart's "extensive training on slip and fall hazards." Brief for appellant at 9. We disagree with Joann's contention that there was a material issue of fact regarding Walmart's constructive knowledge of the liquid on the floor.

In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it. *Edwards v. Hy-Vee*, 294 Neb.

237, 883 N.W.2d 40 (2016). In the absence of evidence to support an inference of the possessor's actual or constructive knowledge of the hazardous condition, the Supreme Court has refused to allow the jury to speculate as to the possessor's negligence. *Id*.

There is simply no evidence to support an inference that Walmart had constructive knowledge of the liquid on the floor. Joann specifically indicated that she did not know how long the liquid had been on the floor prior to her fall and the affidavits of the Walmart employees indicated that no employee or other customer had reported any liquid being on the floor. There were no footprints or cart tracks going through the liquid, which may indicate that the liquid was not on the floor for very long prior to Joann's fall. In addition, although Joann speculated that a Walmart employee spilled water when restocking the floral display, she admitted that she did not see an employee restocking the display nor did she see anyone actually spill any liquid. In fact, the evidence offered by Walmart indicates that employees do not handle any water when restocking the floral display. Joann testified in her deposition that she, herself, did not even notice the water prior to slipping and falling.

Essentially, nothing in our record demonstrates how or when the water came to be on the floor of the Walmart store. Inferences based upon guess or speculation do not create material issues of fact for purposes of summary judgment. *Range v. Abbott Sports Complex*, 269 Neb. 281, 691 N.W.2d 525 (2005). Without evidence of how long the liquid was on the floor prior to Joann's fall, the training of the Walmart employees to recognize and quickly rectify spills becomes irrelevant. There is simply no way to know whether the spill existed for a sufficient length of time prior to Joann's fall to have permitted Walmart's employees, even with their training, to discover the condition. Because there is no evidence or reasonable inference that Walmart knew or should have known of the liquid on the floor, Walmart was entitled to judgment as a matter of law.

*Other Genuine Issues of Material Facts.*

In her brief on appeal, Joann asserts that there were other material issues of fact in dispute which should have prevented entry of the summary judgment in favor of Walmart, including the type of shoes she was wearing at the time of her fall and whether Walmart employees refused her request to call an ambulance to transport her to the hospital. While the evidence presented at the summary judgment hearing indicates that there was conflicting evidence presented as to Joann's shoes and the request for an ambulance, such factual issues are not material to the ultimate question raised by Walmart's motion for summary judgment. Walmart's motion focused solely on whether there was any evidence to demonstrate that Walmart knew or should have known of the liquid spilled on the floor prior to the time of Joann's fall. As we discussed at length above, there was no such evidence presented. As a result, the type of shoes Joann was wearing when she fell or whether she requested an ambulance be called are inconsequential to our decision to affirm the granting of summary judgment in favor of Walmart.

CONCLUSION

Because there was no evidence from which a reasonable finder of fact could infer that Walmart created the dangerous condition or had constructive knowledge of the liquid spilled on the floor, the district court did not err in granting summary judgment in favor of Walmart.

AFFIRMED.